■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. MEISSER, Appellant.

The complainant testified the defendant forced his way into his house at knifepoint, tied him up, and stole some of his property. The defendant went upstairs, and the complainant could hear him rummaging through drawers and closets. A tenant of the complainant owner subsequently discovered that a ring was missing from his room as well.

The People met their burden of proving the defendant's

guilt beyond a reasonable doubt by means of the testimony of the complainant, who knew him. The defendant argues that it would have been foolish for him to rob the complainant whom he had known and that the complainant fabricated his story to receive insurance benefits. The defendant did not take the stand. The issue of credibility was one for the jury to determine, and it is to be accorded the greatest weight on appeal *(see, People v Randolph,* 116 AD2d 674).

The defendant argues that it was error to permit evidence as to the theft of the ring from the tenant, because this theft had not been reported. The tenant testified that when he returned on the day of the robbery, he found his room in disarray, his jewelry box emptied and his ring missing. Testimony by another witness brought out that the defendant had sold him the ring in question. The testimony regarding the theft of this ring was not improperly admitted into evidence. The ring was material circumstantial evidence of the defendant's intent to commit a crime in the dwelling, an element of the crime of burglary in the first degree (Penal Law § 140.30). Under such circumstances it was properly admitted *(see, People v Short,* 110 AD2d 205). Lazer, J. P., Niehoff, Lawrence and Kooper, JJ., concur.